## IN RE DISBARMENT OF ALLEN H. LIPSCOMB.[1]

June 2, 1944.

No. 33,759.

*Philip Neville,* for State Board of Law Examiners.

*Henry G. Young,* for respondent.

PER CURIAM.

On October 27, 1943, respondent, an attorney at law duly licensed to practice in our state, pleaded guilty to an information charging him with embezzlement of $522 belonging to a client. He was sentenced to the state prison at Stillwater for a term of not to exceed two years, but by order of the district court execution of the sentence was stayed and respondent placed on probation for a period of three years.

Respondent urges that he should not be disbarred because of the fact that his sentence was suspended and because of alleged extenuating circumstances. His answer admits the commingling of his client's money with his own, and the misappropriation of all the client's money. The only explanation given is that at the time this happened respondent had money coming from another client who refused to pay him, and that, if he had received such other money, it would have been more than enough to take care of the first client's claim.

[1]Reported in 15 N. W. (2d) 188.

We have never recognized any distinction between cases involving a straight sentence to a penal institution and cases in which the district court suspended sentence. Disbarment results in either of such cases as a matter of course, upon the conviction being called to our attention, if the crime of which the attorney is convicted is a felony or a misdemeanor involving moral turpitude. Minn. St. 1941, § 481.15, subd. 1(1), (Mason St. 1940 Supp. § 5697[1][A]). The record of conviction in either case is conclusive and cannot be questioned by proof *aliunde*. In re Disbarment of Wallace, 209 Minn. 465, 296 N. W. 534. We see no extenuating circumstances in the facts alleged in respondent's answer even suggesting the propriety of a reference.

Respondent is therefore disbarred and his name stricken and removed from the list of attorneys of this court.