IN RE APPLICATION FOR DISCIPLINE OF JOHN J. STRAPP.[1]

June 3, 1955.

No. 36,671.

*Robert J. McGuigan,* for Practice of Law Committee of Minnesota State Bar Association.

*R. J. Leonard,* for respondent.

PER CURIAM.

This proceeding was instituted by the Practice of Law Committee of the Minnesota State Bar Association for the disbarment or discipline of the respondent, John J. Strapp, an attorney at law duly licensed to practice in this state. On February 1, 1955, the respondent, an officer and employee of a national bank, was convicted on his plea of guilty of the offenses of misapplying moneys and securities entrusted to said bank and making a draft and false entry on the records of said bank in violation of 62 Stat. 729, 750, 18 USCA, §§ 656, 1005. Imposition of sentence was suspended and the respondent placed on probation for a period of five years. A petition and accusation alleging the above conviction of a felony was served on the respondent on April 20, 1955, along with an order of this court directing him to plead or file an answer to the accusation within eight days. Thereafter, at the request of the respondent, the time within which to file an answer was extended to include May 14, 1955. On May 19, 1955, no answer having been filed by the respondent, the petitioner filed an affidavit of default. On May 23, 1955, the respondent interposed an answer admitting the truth of the allegations made by the petitioner and requesting the court's leniency.

[1] Reported in 71 N. W. (2d) 902.

The answer does not set forth any new matter constituting a defense or offer any matter in mitigation or extenuation. See, Supreme Court Rule XXI (222 Minn. xxxix). While the respondent has requested that no reference of this matter be made, he states that he "will make a voluntary explanation to the attorneys for the petitioner."

The petitioner has established and the respondent has admitted that he was duly convicted of a felony in the United States District Court for the District of Minnesota. Under M. S. A. 481.15, subd. 1(1), such a conviction constitutes grounds for disbarment. 2 Dunnell, Dig. (3 ed.) § 678. The fact that sentence was suspended and respondent placed on probation has no effect since the statute requires only that the attorney be convicted of a felony or misdemeanor involving moral turpitude. In re Disbarment of Lipscomb, 217 Minn. 509, 15 N. W. (2d) 188. No extenuating circumstances have been offered nor does an examination of the undisputed facts reveal any reason for a reference.

It is therefore ordered that the respondent, John J. Strapp, be disbarred and that his name be stricken from the roll of attorneys in this state.